HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant RELIANCE
STANDARD LIFE INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DEW HORWATH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; and DOES 1 to 100,,<br><br>　　　　Defendants. | CASE NO. C07 02623RMW (PVT)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br>**[Filed concurrently with [Proposed] Order]**<br><br>**Date: July 10, 2007**<br>**Time: 10:00 a.m.**<br>**Courtroom: 5** |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 280 S. First Street, San Jose, California 95113, Defendant RELIANCE STANDARD INSURANCE COMPANY will move this Court to dismiss the action pursuant to FRCP 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted, on the grounds that each of Plaintiff's claims is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001,

/ / /

1  *et seq.* Defendant will also move to strike Plaintiff's request for a jury trial on the
2  grounds that ERISA matters may not be decided by a jury.
3      This Motion will be based on this Notice of Motion and Motion, the
4  Memorandum of Points and Authorities filed concurrently herewith, the pleadings and
5  papers filed herein, and upon such other oral and documentary evidence as may be
6  presented at or before the hearing of this Motion.

9  DATED: May 21, 2007        HARRINGTON, FOXX, DUBROW & CANTER, LLP

11                  By:     /s/
                            KEVIN P. McNAMARA
12                          Attorneys for Defendant RELIANCE
                            STANDARD LIFE INSURANCE COMPANY

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

# MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

## 1. FACTUAL BACKGROUND

Terry Dew Horwath ("plaintiff") initiated this action seeking long term disability benefits from Reliance Standard Life Insurance Company ("RSL"). *See* Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit "A." RSL is the insurer of the group long term disability plan of Digital Dynamics, Inc., which is where plaintiff worked prior to claiming disability. As a Digital employee, plaintiff was covered under the RSL policy at no cost to him.

Plaintiff filed his complaint after benefits were discontinued. Plaintiff is seeking state-law relief for benefits allegedly owed him under an ERISA-governed plan. Because all state law claims are preempted, defendant is entitled to an order dismissing plaintiff's complaint.

## 2. LEGAL ARGUMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted based on a complaint's "failure to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." Van *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Under Rule 12(b)(6), "unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief," a motion to dismiss must be denied. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

There is an exception to the well-pleaded complaint rule. This occurs "when a federal statute wholly displaces the state-law cause of action through complete

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* As recognized by the Supreme Court of the United States, "ERISA is one of these statutes." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

> ERISA governs employee welfare benefit plans, which are defined as follows:
>> "Any plan, fund, or program which was heretofore or is hereafter *established or maintained by an employer* or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained *for the purpose of providing for its participants or their beneficiaries*, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, *disability*, death or unemployment, or vacation benefits, apprenticeship or other training programs, or daycare centers, scholarship funds, or prepaid legal services, or (B) any benefit described in Section 186 ©) of this title (other than pensions on retirement or death, and insurance to provide such pensions.)"

29 U.S.C. **§** 1002 (Emphasis Added). Employee benefit plans such as the one under which plaintiff is making his claim for benefits are governed by ERISA. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987). *See also* 29 U.S.C. § 1002(1)(A). There can be no dispute that the plan at issue in this case is governed by ERISA. Digital paid 100% of the premiums for the plan to cover its employees and Digital

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  treated the plan as an ERISA governed plan.  Therefore, the plan falls outside of
2  ERISA's safe harbor.  *See* 29 C.F.R. § 2510.3-1(j).

### A. <u>Plaintiff's State Law Claims are Preempted By ERISA</u>

Section 502 of ERISA authorizes beneficiaries to file private civil actions to recover benefits allegedly owed to them under employee benefit plans.  Moreover, a cause of action under § 502 of ERISA is the **exclusive** remedy available to beneficiaries.  *See Pilot Life*, 481 U.S. at 41; *see also Dedeaux, supra*.  The relief authorized under ERISA is set forth at 29 U.S.C. § 1132(a), which states:

> "(a) Persons empowered to bring a civil action
>
> A civil action may be brought –
>
> (1) by a participant or beneficiary –
>
> (A)  For the relied provided for in subsection ©) of this section, or
>
> (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan. "

29 U.S.C. § 1132.

All remedies that are not provided for under ERISA are specifically pre-empted by 29 U.S.C. § 1144(a) of ERISA, which states as follows:

> "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state claims insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt

/ / /
/ / /

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\RAW.3084\PLEADINGS\Motion to Dismiss (federal).wpd      -3-      C07 02623RMW (PVT)
RELIANCE STANDARD LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

under section 1003(b) of this title. This section shall take effect on January 1, 1975."

29 U.S.C. § 1144.

A state law "relates to" an employee benefit plan if it has any connection with or reference to such a plan. *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316 (1997); *Pilot Life* 481 U.S. at 47. Courts have held that ERISA preemption is "conspicuous for its breadth" and that its "deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern." *Ingersoll Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990). Based on this broad preemption, in *Pilot Life*, the Supreme Court stated that common law causes of action based on improper processing of an insurance claim are related to an ERISA Plan and therefore are pre-empted.

ERISA's remedial scheme was reviewed by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). In that case, the Court stated that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. As the Court explained, when a plan makes discretionary decisions regarding eligibility, it is acting in its role as a fiduciary and claims related to those decisions are limited to whatever remedies are available under ERISA. This is consistent with the earlier decision in *Pilot Life*.

As stated in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) "[t]he six carefully integrated civil enforcement provisions found in Section 502(a) of the statute as finally enacted, however, provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 146. The claims alleged by plaintiff are not included in the six civil enforcement provisions found in Section 502(a) of ERISA. If Congress believed that *Russell* was wrong, it has had plenty of time since the 1985 decision to change the law. It has not done so. Therefore, each of plaintiff's claims is preempted. *Elliott v. Fortis Benefits*

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  *Insurance Company*, 337 F.3d 1138 (9th Cir. 2003); *ast v. Prudential Ins. Co. of
2  America*, 150 F.3d 1003 (9th Cir., 1998); *Chamblin v. Reliance Standard Life Ins. Co.*,
3  168 F. Supp.2d 1168, 1172 (N.D. Cal. 2001).

      Perhaps in an attempt to avoid ERISA, plaintiff claims in the complaint that defendant violated a settlement agreement related to the benefits.  While defendant denies this accusation, even claims related to breach of a settlement agreement under an ERISA plan are governed by ERISA.  In *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463 (5th Cir. 1989), the plaintiff claimed that he was entitled to benefits indefinitely under the terms of an agreement entered into between the parties. After the benefits were terminated, he filed suit against the insurer of the plan under state law.  The plaintiff argued that ERISA did not apply to the claims under the settlement agreement. The Fifth Circuit disagreed, holding that the claims related to an ERISA plan, therefore, they were governed by ERISA.  *See also Board of Trustees v. The Madison Hotel, Inc.*, 97 F.3d 1479 (D.C. Cir. 1996) (action by beneficiary against the employer for breach of settlement agreement provided the district court with jurisdiction under ERISA); *Zuniga v. Blue Cross and Blue Shield of Mich.*, 52 F.3d 1395 (6th Cir. 1995) (holding that ERISA preempted a state law claim alleging breach of a settlement agreement); *Vesely v. Continental Cas. Co.*, 101 F. Supp. 2d 1054 (N.D. Ill. 2000) (general release signed by the plaintiff in connection with the benefit claim related to the ERISA plan, preempting the state law contract claim); *Dranchak v. Akzo Nobel, Inc.*, 88 F.3d 457 (7th Cir. 1996) (action seeking to enforce letter agreements affecting an ERISA plan related to the plan and was governed by ERISA).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**3.    CONCLUSION**

For the reasons stated above, plaintiff's complaint should be dismissed as the claims contained therein are all pre-empted by ERISA.

DATED:  May 21, 2007             HARRINGTON, FOXX, DUBROW & CANTER, LLP

                                 By:    /s/
                                     KEVIN P. McNAMARA
                                     Attorneys for Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY