**E-FILED on**   7/31/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY DEW HORWATH,<br><br>        Plaintiff,<br><br>        v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; and DOES 1 to 100,<br><br>        Defendants. | No. C-07-02623 RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**[Re Docket No. 8]** |

      Plaintiff's action was initially filed in state court. On May 17, 2007 defendant Reliance Standard Life Insurance Company ("Reliance") removed the action to this court on the basis that plaintiff's claims arise under federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* It does not appear that plaintiff opposed removal. Reliance now moves to dismiss plaintiff's action for failure to state a claim. Reliance argues that each of plaintiff's claims is preempted by ERISA. Plaintiff did not file opposition to defendant's motion.[1] Plaintiff's counsel did appear for oral argument.

---

[1] On June 26, 2007 Reliance filed notice that plaintiff had not opposed its motion, and requested the court grant its motion on that basis. Reliance further requested that the court not allow plaintiff to appear at the noticed hearing given plaintiff's failure to file an opposition. Although the court acknowledges that plaintiff has failed to file opposition to the motion, the court declined to bar plaintiff from appearing at the hearing on this basis.

ORDER GRANTING MOTION TO DISMISS—No. C-07-02623 RMW
SPT

According to plaintiff's complaint, plaintiff was employed by Digital Dynamics ("Digital") until approximately 1999. Compl. ¶ 4. During the time of plaintiff's employment at Digital, plaintiff was covered by an employer-sponsored long-term disability insurance plan with Reliance. *Id.* At some point, Reliance denied plaintiff's claim for long-term disability and plaintiff filed suit in the Santa Cruz County Superior Court. *Id.* ¶ 5. Thereafter, Reliance and plaintiff entered into a settlement agreement pursuant to which plaintiff dropped the civil suit and Reliance agreed to pay plaintiff's court filing fee and an amount of $100 per month on plaintiff's disability claim, which plaintiff's counsel agreed at oral argument was funded out of the ERISA plan. *Id.* ¶ 5.[2] Plaintiff alleges that Reliance ceased making the agreed-upon monthly payment in October 2005. *Id.* ¶ 6. In April 2007 plaintiff filed the present action in the Santa Cruz County Superior Court alleging (1) breach of written agreement by Reliance based on the cessation of the monthly payments pursuant to the settlement agreement, (2) fraud and misrepresentation based on the failure to honor the representations to pay the monthly amount, (3) breach of the covenant of good faith and fair dealing implied in the agreement, (4) violation of the Cal. Bus. & Prof. Code § 17100 *et seq.*, (5) negligence, and (6) declaratory relief of entitlement to continued payments under the agreement.

Defendant argues that each of plaintiff's are state claims that essentially seeks entitlement to benefits pursuant to an ERISA plan and, therefore, are preempted by ERISA. ERISA governs employee welfare benefit plans which, by definition, include:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1). Subject to certain exceptions not applicable here, ERISA governs employee benefit plans that are: "established or maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

---

[2] It is unclear from the complaint whether the settlement agreement contemplated an end date of such monthly payments.

ORDER GRANTING MOTION TO DISMISS—No. C-07-02623 RMW
SPT                                                                                      2

(3) by both." 29 U.S.C. § 1003(a). Reliance asserts that the long-term disability benefit plan pursuant to which plaintiff had made a disability claim falls within ERISA because Digital paid 100% of the plan premiums to have its employees covered.

As defendant points out, ERISA preempts all state laws "insofar as they relate to any employee benefit plan." *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 41 (1987) (citing § 514 of ERISA, codified at 29 U.S.C. § 1144(a)). Moreover, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Specifically, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210; *see also FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) ("a law relates to an employee welfare plan if it has a connection with or reference to such a plan.") (internal quotations and citation omitted).

Here, plaintiff's clearly could have brought his claim under ERISA since the original basis of his claim for benefits was pursuant to an ERISA plan. Although plaintiff later settled the claim with Reliance and now seeks action based on an alleged breach of that settlement agreement, defendant argues that ERISA nevertheless preempts plaintiff's claims because the settlement agreement related to benefits pursuant to an ERISA plan. In *Boren v. N.L. Indus., Inc.*, 889 F.2d 1463, 1466 (5th Cir. 1989), the court concluded that although the plaintiff argued that the defendant breached a settlement agreement providing for payments under an ERISA plan, the state law claim sufficiently relates to the ERISA plan and, therefore, fell within ERISA's broad preemption provision. Although it is unclear whether plaintiff's settlement agreement with Reliance specifically referenced the ERISA plan as did the settlement agreement in *Boren*, the settlement agreement was specifically made to settle plaintiff's claim for long-term disability benefits from the ERISA plan and, as noted above, funded out of the ERISA plan. *See Stone v. Travelers Corp.*, 58 F.3d 434, 437 (9th Cir. 1995) ("State law claims are preempted by ERISA if they relate to an ERISA plan.") (citing 29 U.S.C. § 1144(a)). Thus, the court concludes that plaintiff's claims, although framed as state claims

ORDER GRANTING MOTION TO DISMISS—No. C-07-02623 RMW
SPT                                        3

1  premised on Reliance's cessation of payments under the settlement agreement, are preempted by
2  ERISA.
3       For the foregoing reasons, the court GRANTS defendant's motion to dismiss plaintiff's
4  claims on the basis that they are preempted by ERISA.  Plaintiff has twenty (20) days' leave to
5  amend his complaint.  In addition, pursuant to the parties' request, the court resets the case
6  management conference date to September 21, 2007.

8  DATED:   7/31/07   *[signature: Ronald M. Whyte]*
    RONALD M. WHYTE
9      United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Donald Charles Schwartz    triallaw@cruzio.com

**Counsel for Defendant:**

Kevin Patrick McNamara    kmcnamara@hfdclaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/31/07                                                SPT
                                                    **Chambers of Judge Whyte**