Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
Creekside Center, 9057 Soquel Drive, Building B, Suite F,
Aptos, CA 95003
Mailing: 7960-B Soquel Drive, No. 291, Aptos, CA 95003
831-685-4700; Facsimile 831-685-0907

Attorney for Plaintiff
Terry Dew Horwath

UNITED STATES DISTRICT COURT,

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA,

SAN JOSE BRANCH

| | |
|---|---|
| TERRY DEW HORWATH,<br><br>               Plaintiff,<br><br>  vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY and DOES 1 to 100,<br><br>               Defendants.<br>_____ | Case No. 5:07-CV-02623-RMW<br><br>**FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES – ERISA** |

    Plaintiff Terry Dew Horwath hereby alleges as follows:

**PARTIES**

    1.    At all times relevant herein plaintiff Terry Dew Horwath (hereinafter alternately referred to as "plaintiff") has been a resident and domiciliary of the County of Santa Cruz. At all times relevant herein plaintiff Terry Dew Horwath has been an employee of defendant Digital Dynamics, Inc. and has been either a named or intended beneficiary of a relevant Group Long Term Disability Insurance policy.

Created by Neevia Personal Converter trial version http://www.neevia.com

2.      At all times relevant herein defendant Reliance Standard Life Insurance Company (hereinafter referred to as "defendant Reliance") is and was a business entity, form unknown, either organized and/or existing under the laws of the State of California and/or is or were authorized to transact, and were and are transacting, business in the County of Santa Cruz, State of California as an insurance underwriter owing to plaintiff certain obligations under the terms of the Long Term Disability Policy as well as both a general and fiduciary duty of care.

3.      Plaintiff Terry Dew Horwath hereby substitutes the name "Digital Dynamics, Inc." for that name previously named herein as Doe 1.  At all times relevant herein defendant Digital Dynamics, Inc. (hereinafter referred to as "defendant Digital") is and was a business entity, form unknown, either organized and/or existing under the laws of the State of California and/or is or were authorized to transact, and were and are transacting, business in the County of Santa Cruz.

4.      The true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 2 through 100, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names and when the true names and capacities of such defendants have been ascertained, plaintiff will amend this Complaint accordingly.  Plaintiff is informed and believes, and thereupon alleges, that each defendant designated herein as a Doe is responsible, negligently or in some manner, for the acts, facts, events, representatives and happenings hereinafter referred to, and caused injuries and damages proximately thereby to plaintiff, as hereinafter alleged, either through said defendants' own intentional, negligent, fraudulent or other conduct or through the conduct of its agents, servants or employees, or in some other manner.  Plaintiff is further informed and believes, and

Created by Neevia Personal Converter trial version http://www.neevia.com

thereupon allege, that at all times stated herein defendants, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants and were as such acting within the scope, course and authority of such agency, employment and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as agent, servant, employee and/or joint venturer.

5. Defendants, and each of them, acted in the course and scope of a conspiracy to deprive plaintiff the benefits of that Group Long Term Disability Insurance Policy.

**GENERAL ALLEGATIONS**

6. At all times herein relevant, plaintiff was an employee of defendant Digital Dynamics, Inc. At all times relevant herein defendant Digital had represented and entered into an employer-employee agreement with plaintiff to the effect that said defendant would provide to plaintiff the benefits of a Group Long Term Disability Insurance policy.

7. During the course of plaintiff's employment with defendant Digital, plaintiff has suffered injuries which have rendered him completely unemployable to engage any meaningful occupation.

8. Thinking that the defendant Reliance Group Long Term Disability Insurance policy was in full force and effect, plaintiff properly applied for long term disability benefits, having fully complied with the terms and conditions of the subject Group Long Term Disability Insurance policy, for which plaintiff is a beneficiary thereof.

9. Thereafter, defendant Reliance denied plaintiff any benefits under the subject Group Long Term Disability Insurance policy.

Created by Neevia Personal Converter trial version http://www.neevia.com

10. Thus, either plaintiff was never the beneficiary of the subject Group Long Term Disability Insurance policy or defendant Reliance (1) misrepresented the coverage, (2) has failed to provide the coverage for which premiums have been duly paid, and /or (3) acted in a capricious and fraudulent fashion in denying plaintiff benefits under the subject Group Long Term Disability Insurance policy, all for its own pecuniary gain.

11. As a direct and proximate result of each and every defendants' wrongful conduct as herein alleged, plaintiff has suffered general and other special damages well in excess of the jurisdictional minimum from the federal court.

## FIRST CAUSE OF ACTION
**(Breach of Written Insurance Agreement against All Defendants)**

12. Plaintiff by this reference incorporates each and every other paragraph in this Complaint as if fully set forth herein.

13. Plaintiff and defendants, and each of them, had entered into that written contract of Group Long Term Disability Insurance policy.

14. Plaintiff has performed all conditions, covenants and promises required by him on his part to be performed in accordance with the terms and conditions of the written contract of insurance.

15. Plaintiff has demanded that defendants perform their obligations under the written contract of insurance.

16. Defendants, and each of them, breached the written contract of insurance by not honoring plaintiff's demands for long term insurance benefits as set forth above.

Created by Neevia Personal Converter trial version http://www.neevia.com

17.     As a result of each and every defendants' breach of the written contract of insurance, plaintiff has suffered damages in a sum according to proof.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as further set forth below.

## SECOND CAUSE OF ACTION
### (Fraud/Misrepresentation against Defendant Digital)

18.     Plaintiffs by this reference incorporate each and every other paragraph in this Complaint as if fully set forth herein.

19.     By the provisions of the written agreements alleged herein, defendant Digital represented to plaintiff that it would provide group long term insurance disability coverage.

20.     Defendant Digital represented that it would provide long term disability insurance as remuneration for plaintiff's employment at defendant Digital.

21.     Defendant Digital's above-stated representations, agreements and actions were and remain false and fraudulent, in that said defendants never intended to honor its oral and/or written agreements as alleged.  During plaintiff's employ at defendant Digital, plaintiff relied upon said defendant's representations and promises, during which time said defendants willfully concealed the truth of their true intent not to honor their agreements and representations, all for the purpose of defrauding and deceiving plaintiff for said defendant's own purposes.

22.     Plaintiff, at the time the representations were made, believed them to be true and, in reliance on them, was induced to become and remain a loyal and dutiful employee of defendant Digital and did not acquire long term disability insurance coverage of his own.

Created by Neevia Personal Converter trial version http://www.neevia.com

23. As a further direct and proximate result of defendant Digital's wrongful conduct as herein alleged, plaintiff has sustained emotional and mental distress, anguish, embarrassment, inconvenience, mortification, humiliation and indignity, all to his general and special damage in a sum according to proof.

24. As a proximate result of said defendant's fraud and deceit and the facts herein alleged, plaintiff has been induced to expend hours of time and energy in an attempt to receive coverage under the subject insurance contract, as well as hire an attorney to pursue same. Thus, plaintiff is entitled to recovery for said damages according to proof.

25. The aforementioned conduct of defendant Digital was an intentional misrepresentation, deceit or concealment of material facts known to said defendant with the intention on the part of said defendant to deprive plaintiff of property or legal rights, or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages as against each and every defendant.

WHEREFORE, plaintiff prays judgment against defendant Digital as further set forth below.

### THIRD CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing against Defendant Digital)

26. Plaintiff by this reference incorporates each and every other paragraph in this Complaint as if fully set forth herein.

27. Implied in all agreements for employment, as well as insurance, within the State of California is the covenant of good faith and fair dealing.

Created by Neevia Personal Converter trial version http://www.neevia.com

28.     At all times relevant herein, defendant Digital knew that plaintiff was entitled to long term disability insurance coverage and benefits.  Instead of providing the benefits, as aforesaid, defendants in bad faith and in breach of the covenant of good faith and fair dealing denied said insurance benefits to plaintiff.

29.     As a further direct proximate result of defendant Digital's wrongful conduct as herein alleged, plaintiff has suffered losses from the date monies should have been paid to him, and future losses, all in excess of the minimum jurisdictional limits of the federal court.

30.     As a further direct and proximate result of defendant Digital's wrongful conduct as herein alleged, plaintiff has sustained emotional and mental distress, anguish, embarrassment, inconvenience, mortification, humiliation and indignity, all to his general and special damage in a sum according to proof.

31.     Defendant Digital's wrongful conduct as herein alleged was done intentionally and was maliciously, recklessly, oppressively and/or fraudulently in nature, was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, all so as to justify an award of exemplary and punitive damages as against each and every defendant.

WHEREFORE, plaintiff prays judgment against defendant Digital as further set forth below.

### FOURTH CAUSE OF ACTION
**[Violation of Business & Professions Code, §§17200, et seq. - against Defendant Digital]**

32.     Plaintiff by this reference incorporate each and every other paragraph in this Complaint as if fully set forth herein.

Created by Neevia Personal Converter trial version http://www.neevia.com

33. Plaintiff brings this civil action, inter alia, under the private attorneys general provisions of Business & Professions Code, §§17200, et. seq.

34. By the acts, facts and events hereinabove alleged, defendant Digital has, and continue to violate and be in violation of Business & Professions Code, §§17200, et seq.

35. Plaintiff therefore seeks a disgorgement of all unfairly, illegally and fraudulently obtained sums of money in violation of in Business & Professions Code, §§17200, et. seq. Further, plaintiffs' further seek an award of attorneys' fees and costs according to proof.

36. Plaintiff seeks a trebling of damages pursuant to Business & Professions Code, §§17200, et. seq.

Wherefore, plaintiff prays damages against defendant Digital as hereafter set forth below.

### FIFTH CAUSE OF ACTION
### (Negligence against Defendant Digital)

37. Plaintiff by this reference incorporates each and every other paragraph in this Complaint as if fully set forth herein.

38. At all times relevant herein defendant Digital owed plaintiff a duty of due care. In fact defendant Reliance owed plaintiff a fiduciary-like duty of care.

39. At all times relevant herein and within the applicable two-year statute of limitations for damages arising from negligence causing personal injury, plaintiff learned that defendant Digital breached its duty of due care owed to plaintiff.

40. As a proximate result of the negligence of defendant Digital, plaintiff has suffered general and special damages according to proof. As such, plaintiff has otherwise been hurt and

Created by Neevia Personal Converter trial version http://www.neevia.com

injured in his health, strength and activity, sustaining injury to his nervous system and person, all of which injuries have caused, and continue to cause, plaintiff great mental, physical and nervous pain and suffering as well as inconvenience. As a result of such injuries, plaintiff has suffered general and special damages in amounts according to proof.

WHEREFORE, plaintiff prays judgment against defendant Digital as further set forth below.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief against All Defendants)

41. Plaintiff by this reference incorporates each and every other paragraph in this Complaint as if fully set forth herein.

42. A controversy has arisen to the effect that plaintiff, on the one hand, contends that he is entitled to long term disability benefits under the subject Group Long Term Disability policy and whereas defendants, on the other hand, contend that plaintiff is not so entitled.

43. Plaintiff hereby requests the court to determine, adjudicate and rule as to the rights and obligations of the parties hereto as regards the subject Group Long Term Disability policy.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as further set forth below.

### SEVENTH CAUSE OF ACTION
### (Enforcement of Group Long Term Disability Insurance under ERISA against All Defendants)

44. Plaintiff by this reference incorporates each and every other paragraph in this Complaint as if fully set forth herein.

Created by Neevia Personal Converter trial version http://www.neevia.com

45. Pursuant to the dictates of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 88 Statute 829, as amended, 29 United States Code, section 1001, et seq., defendants Digital and Reliance provided to plaintiff the coverage maintained in subject Group Long Term Disability insurance.

46. Plaintiff then became completely disabled such that he is no longer able to engage in any meaningful or gainful employment.

47. Defendants then denied plaintiff benefits under the subject Group Long Term Disability insurance policy.

48. Plaintiff hereby requests the court, under ERISA, to order and enter judgment against defendants, and each of them, to enforce said Group Long Term Disability insurance benefits, plus order attorneys fees and costs – all of which plaintiff hereby claims and requests of the court to do, and any and other entitlements, claims, benefits, under ERISA, to which plaintiff is entitled.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as set forth below.

1. For general damages, mental suffering and emotional distress, according to proof;

2. For special damages, according to proof;

3. For exemplary and punitive damages, according to proof;

4. For attorney's fees, according to proof;

5. For costs of suit herein incurred;

Created by Neevia Personal Converter trial version http://www.neevia.com

6.      For enforcement of the plaintiff's rights under the Employee Retirement Income and Security Act of 1974 ("ERISA"), 88 Statute 829, as amended, 29 United States Code, section 1001, et seq.

7.      For a declaration of the rights and obligations of the parties hereto under the subject Group Long Term Disability insurance policy.

8.      For such other and further relief as the court may deem just and proper.

Dated: August 2, 2007

                              _____
                                 Donald Charles Schwartz
                                  Attorney for Plaintiff
                                   Terry Dew Horwath

Created by Neevia Personal Converter trial version http://www.neevia.com