HARRINGTON, FOXX, DUBROW & CANTER, LLP
KEVIN P. McNAMARA, State Bar No. 180690
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
kmcnamara@hfdclaw.com

Attorneys for Defendant RELIANCE
STANDARD LIFE INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DEW HORWATH, | CASE NO. C07 02623RMW (PVT) |
| Plaintiff, | **RELIANCE STANDARD LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY; and DOES 1 to 100,, | |
| Defendants. | Date:  September 21, 2007<br>Time:  9:00 a.m.<br>Courtroom:  6 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 21, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, located at 280 S. First Street, San Jose, California 95113, Defendant RELIANCE STANDARD INSURANCE COMPANY ("RELIANCE STANDARD") will move this Court to dismiss the action pursuant to FRCP 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted, on the grounds that each of Plaintiff's claims is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et seq*.  RELIANCE STANDARD will also move to strike Plaintiff's request for a jury trial on the grounds that ERISA matters may not be

decided by a jury. Indeed, Plaintiff now concedes that the claims made under the policies are governed by and subject ERISA. For the reasons contained herein and as well as those set forth in RELIANCE STANDARD'S previous motion to dismiss, and the Court's July 31, 2007 Order granting RELIANCE STANDARD'S Motion to Dismiss, all state law claims in the First Amended Complaint are improper and must be dismissed.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the pleadings and papers filed herein, including RELIANCE STANDARD'S prior Motion to Dismiss, and the Court's July 31, 207 Order granting said motion, and upon such other oral and documentary evidence as may be presented at or before the hearing of this Motion.

DATED: August 14, 2007     HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: ___/s/___
KEVIN P. McNAMARA
Attorneys for Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. FACTUAL BACKGROUND

Terry Dew Horwath ("plaintiff") initiated this action seeking long term disability benefits from RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE STANDARD"). Plaintiff claims entitlement to disability benefits under a RELIANCE STANDARD group long term disability policy issued to plaintiff's former employer, Digital Dynamics. RELIANCE STANDARD is the insurer of the group long term disability plan of Digital Dynamics, Inc., where plaintiff worked prior to claiming disability. As a Digital employee, plaintiff was covered under the RELIANCE STANDARD policy at no cost to him.

Plaintiff initially filed this lawsuit in state court but the complaint only included state law causes of action. After RELIANCE STANDARD removed the lawsuit to federal court and filed an unopposed motion to dismiss based on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, plaintiff filed the First Amended Complaint. The First Amended Complaint is practically a mirror-image of plaintiff's initial complaint. While the First Amended Complaint references ERISA, it still includes the state law claims that were in the original complaint and which remain preempted by ERISA. Further, as in the original complaint, plaintiff's *ad damnum* clause still impermissibly seeks punitive and "special" damages. Therefore, for the reasons set forth herein, and for the reasons set forth in RELIANCE STANDARD'S prior Motion to Dismiss, and the Court's Order granting same, the claims contained in plaintiff's First Amended Complaint must be dismissed as they are preempted by ERISA.

/ / /
/ / /
/ / /
/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\RAW.3084\PLEADINGS\Motion to Dismiss FAC.wpd   -3-   C07 02623RMW (PVT)
RELIANCE STANDARD LIFE INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**2. LEGAL ARGUMENT**

When a plaintiff can not prove any set of facts in support of his claim for relief, a motion to dismiss those claims must be granted. *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435 (9th Cir. 1986), *cert. denied,* 479 U.S. 1064 (1987); *see also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In this case, there can be no doubt that plaintiff cannot prevail on the state law claims contained in the amended complaint. The policy under which she asserts her claims is governed by ERISA and, as such, those claims are preempted by ERISA. Moreover, this Court has already dismissed the same state law claims when it granted defendant's initial motion to dismiss. There is no basis for plaintiff to re-assert those claims in the amended complaint. Therefore, the state law claims in plaintiff's First Amended Complaint should be dismissed.

3. **CONCLUSION**

The policy under which plaintiff makes his claims are governed by ERISA. While referencing ERISA, plaintiff's First Amended Complaint consists only of state law claims that are preempted by ERISA, as noted by this Court in its Order of July 31, 2007. For the reasons contained herein, plaintiff's First Amended Complaint should be dismissed.

DATED: August 14, 2007      HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: _____/s/_____
KEVIN P. McNAMARA
Attorneys for Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\RAW.3084\PLEADINGS\Motion to Dismiss FAC.wpd   -4-   C07 02623RMW (PVT)
RELIANCE STANDARD LIFE INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT