Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
Creekside Center, 9057 Soquel Drive, Building B, Suite F,
Aptos, CA  95003
Mailing: 7960-B Soquel Drive, No. 291, Aptos, CA  95003
831-685-4700; Facsimile 831-685-0907

Attorney for Plaintiff
Terry Dew Horwath

UNITED STATES DISTRICT COURT,

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA,

SAN JOSE BRANCH

| | |
|---|---|
| TERRY DEW HORWATH,<br><br>                Plaintiff,<br><br>  vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY and DOES 1 to 100,<br><br>                Defendants. | Case No. 5:07-CV-02623-RMW<br><br>**TERRY DEW HORWATH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>**Date: September 21, 2007**<br>**Time: 9:00 a.m.**<br>**Courtroom: 6** |

    Plaintiff Terry Dew Horwath hereby respectfully submits his Memorandum of Points and Authorities in Opposition to Reliance Standard's Motion to Dismiss as follows:

I.

**FIRST AMENDED COMPLAINT PROPERLY PLEADS AGAINST MOVING PARTY**

    The Motion to Dismiss was filed without any meet and confer (and apparently without a careful reading of the First Amended Complaint).

Created by Neevia Personal Converter trial version http://www.neevia.com

The First Amended Complaint alleges only three causes of action against moving party. The First Cause of Action alternately alleges a breach of contract to provide a long term disability contract enforceable under ERISA. If moving party admits that it has issued a long term disability contract enforceable under ERISA, then this cause of action should be considered that to allege the breach of the ERISA contract (e.g., the vehicle by which plaintiff and the court enforces the long term disability contract, if there is one). [However, no admission that plaintiff Terry Dew Horwath is the beneficiary of a long term disability (ERISA enforceable) contract has been forthcoming.]

The Sixth Cause of Action is simply a Declaratory Relief cause of action – pleaded so as to give the court flexibility to render an appropriate judgment at the conclusion of this litigation.

The Seventh Cause of Action seeks to enforce the long term disability contract, if any exists, "(p)ursuant to the dictates of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 88 Statute 829, as amended, 29 United States Code, section 1001, et seq." If this does not state a claim upon which relief can be granted here, perhaps the court can help out plaintiff's counsel here.

The Second, Third, Fourth and Fifth Causes of Action are pleaded solely against defendant Digital Dynamics, not moving party Reliance Standard.

Calling the First Amended Complaint a "mirror image" is just a cheap shot. Is that how this litigation is going to proceed? Did the moving party even read the First Amended Complaint or did it simply overlook that the state court causes of action are pleaded solely against defendant Digital Dynamics? If there is, in fact, an enforceable (under ERISA) long

Created by Neevia Personal Converter trial version http://www.neevia.com

term disability contract caused by defendant Digital to be issued by defendant Reliance, then obviously all these state court causes of action will go away. One iota of professional courtesy, (e.g., a simple meet and confer) would have helped moving party to understand the First Amended Complaint.

## II.  RULE 12(b)(6) DISFAVORED MOTION AND PROPER IN ONLY EXTRAORDINARY CIRCUMSTANCES

Rule 12(b)(6) is a disfavored motion and is to be granted in only *rarely granted*. California Practice Guide, "Federal Civil Procedure Before Trial" (Rev. No. 1, 1999), at 9-48, citing Gilligan v. JAMCO Develop. Corp. (9th Cir. 1997) 108 F 3d 246, 249 [emphasis added by The Rutter Group].

A 12(b)(6) dismissal is proper only in "extraordinary" cases. California Practice Guide, "Federal Civil Procedure Before Trial" (Rev. No. 1, 1999), at 9-49, citing United States v. Redwood City (9th Cir. 1981) 640 F2d 963, 966; United States v. White (CD CA 1995) 893 F.Supp. 1423, 1428.

"Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving. California Practice Guide, "Federal Civil Procedure Before Trial" (Rev. No. 1, 1999), at 9-48, citing Bennett v. Schmidt (7th Cir. 1998) 153 F3d 516, 518.

## III.  CONCLUSION

Unless the moving party admits that plaintiff Terry Dew Horwath is the beneficiary of an ERISA-enforceable long term disability contract, then the First Cause of Action for Breach of Contract should stand. Even so, is not a breach action the vehicle by which an ERISA contract

Created by Neevia Personal Converter trial version http://www.neevia.com

is enforced?  Does not the same hold true for the Declaratory Relief Cause of Action - as well as for the Seventh Cause of Action to enforce pursuant to ERISA?

Respectfully submitted,

Dated: August 15, 2007

*Donald C. Schwartz*

_____
Donald Charles Schwartz
Attorney for Plaintiff
Terry Dew Horwath

Created by Neevia Personal Converter trial version http://www.neevia.com

**PROOF OF SERVICE BY MAIL/FACSIMILE**

I declare that I am employed in the County of Santa Cruz, California; that I am over the age of eighteen and am not a party to the foregoing action. My business address is 7960-B Soquel Drive, No. 291, Aptos, CA 95003.

On the date shown below, I served the following document(s):

**TERRY DEW HORWATH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**

on each person named below by placing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid and as set forth in the accompanying facsimile transmission page, if any.

Kevin McNamara, Esq.
Harrington, Fox, et al
1055 West 7th Street – 29 Floor
Los Angeles, CA  90017-2547
Fax: 213-623-7929

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 15, 2007 in Santa Cruz County, California.

*Donald C. Schwartz*
_____
Donald Charles Schwartz

Created by Neevia Personal Converter trial version http://www.neevia.com